AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 08 2012
CHRIS R. JOHNSON, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br>MARCUS TYRONE WAYNE<br><br>_____<br>Defendant | )<br>)<br>) Case No. 1:12MJ1006<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  06/08/2012  in the county of  Union  in the  Western  District of Arkansas, the defendant violated  21  U. S. C. §  841(a) and 846 , an offense described as follows:

Conspiracy to Distribute of a Controlled Substance, Cocaine

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent LeAnn Bakr
_____
Printed name and title

Sworn to before me and signed in my presence.

Date:  6/8/12

City and state:  Camden, AR

_____
Judge's signature

Harry Barnes, U.S. District Judge
_____
Printed name and title

AFFIDAVIT

The undersigned Affiant, DEA Special Agent LeAnn Bakr, having been duly sworn, depose and state under oath as follows:

## I. Introduction

1.	I am employed as a Special Agent of the Drug Enforcement Administration (DEA) assigned to the New Orleans Division, Little Rock District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). I have been a Special Agent of the DEA for nine years, during which time I have participated in numerous investigations involving narcotics trafficking. Prior to this, I was a Little Rock Police Officer for five years. During my tenure with the Little Rock Police Department, I served as a patrol officer and a detective. I have received specialized training in the subjects of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, transportation, distribution and importation of controlled substances, as well as methods used to finance drug transactions. Using various investigative techniques relating to identifying criminal violations, my investigations have resulted in criminal convictions of numerous defendants as well as the seizure and forfeiture of assets used or intended to be used to facilitate drug trafficking.

The information presented herein is derived from information provided by to DEA Special Agent LeAnn Bakr from state and local officers who have a long term investigation of distribution of narcotics in the El Dorado, Arkansas area. SA Bakr along with the state and local officers with whom she is conducting this investigation have received training regarding drug trafficking offenses and have experience conducting such investigations.

## II. Knowledge Regarding Drug Trafficking Crimes and Related Crimes, Generally:

This affidavit is in support of a criminal complaint for Marcus Tyrone Wayne.

On June 8, 2012, SA Bakr was advised by Undercover Officers (U/C) advised that a large drug transaction was scheduled to occur in El Dorado, Arkansas, and that they were traveling from Texas to El Dorado in an undercover capacity to facilitate the delivery of approximately 7 kilograms of cocaine.
At approximately 12:30, the U/C's advised that they had in fact arrived in El Dorado, Arkansas. SA Bakr met with the U/C's and provided them with a hotel key to room #217 at the Econolodge at 1920 Junction City Road, El Dorado, Arkansas. The hotel room was fitted with audio and video recording equipment. At approximately 1:32PM, one of the co-consiprators, namely Vanessa Rodriguez, arrived at the hotel room

with a confidential source (referred hereinafter to as CS#1). The U/C's advised that Rodriguez had contacted an individual identified as Terry Shorti to make arrangements to facilitate the delivery of money that would purchase the 7 kilograms of cocaine. According to the U/C's, Rodriguez provided directions to Terry Gafford to the Econolodge in El Dorado, Arkansas.

At approximately 2:37PM, the U/C advised that Terry Gafford was going to come to the hotel. At approximately 2:49PM, Terry Gafford arrived at the hotel and was observed carrying a black bag into the hotel room. Terry Gafford entered the room and began to empty the contents onto the bed. Surveillance was able to determine that the contents of the bag was a large amount of U.S. currency wrapped in a manner consistent with narcotics proceeds.

At approximately 2:53PM, Agents and Officers entered the room and placed Terry Gafford and RODRIGUEZ into custody.

At approximately 3:00PM, Terry Gafford was given his Miranda Warning via DEA Form 13-A and waived his rights. Gafford immediately advised that "this" (meaning cocaine) wasn't his. Gafford advised that the individual that was accepting the cocaine was Cain (identified as Marcus Tyrone Wayne) and that he was expected to bring the load to him. At approximately 3:46PM, Gafford made a recorded telephone call to Wayne. Wayne told Gafford that he was at Gafford's residence (3001 S. Jackson Street, El Dorado, Arkanas). Gafford told Wayne that he was cutting into "them" and they looked good. Wayne asked about a red label and Gafford said, "Guy says yah." (**NOTE:** Agents know that the red label belongs to the Zeta Cartel). Gafford told Wayne that it would be about 30 minutes and Wayne asked if he should stay there. Gafford said that he called Wayne back.

At approximately 4:12PM, Gafford left the hotel for the residence located at 3001 S. Jackson Street, El Dorado, Arkansas.

At approximately 4:15PM, Wayne contacted Gafford and advised that he hid the money and that he was going to his house to take a bath. At approximately 4:16PM, Gafford, U/C's and other officers arrived at Gafford's residence waiting for Wayne to return. At approximately 4:43PM, Wayne contacted Gafford and said that he was on his way. At approximately 5:00PM, Wayne was observed arriving at the residence and stopping at the first single wide trailer on the property. Wayne went behind the trailer and retrieved a white plastic bag. Wayne returned to his vehicle and traveled to the residence which was approximately 75 yards from the single wide trailer at the front of the property. Upon his arrival, Wayne exited his vehicle and Gafford exited his residence. The U/C's were parked near Gafford's vehicle and observed Wayne and Gafford counting money. Agents then took Wayne into custody.

### III. Conclusion

Based on the foregoing, there is probable cause to believe that Marcus Tyrone WAYNE has violated 21 USC 841 (a) and 21 USC 846, Conspiracy to Distribute a Controlled Substance, namely Cocaine.

AFFIANT:

_____
LeAnn Bakr
Special Agent, DEA


SUBSCRIBED AND SWORN to before me this 8th day of June 2012.

_____
Honorable Barry A. Bryant
United States District Judge